IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY D. HARRIS, JR.,

                                 OPINION & ORDER

            Plaintiff,

    v.                                    14-cv-153-jdp

CARRIE SUTTER, TIM HAINES,
KELLY TRUMM, and CATHY JESS,

            Defendants.

In this case, plaintiff Larry D. Harris, Jr., a Wisconsin Department of Corrections prisoner, is proceeding on claims that Wisconsin Secure Program Facility and Department of Corrections officials deprived him of property without due process of law by changing the prices of commissary items without notice and running a commissary system that miscalculates the sales tax due on purchases. The parties recently completed briefing on cross-motions for summary judgment, but currently before the court are two motions by plaintiff. He has filed a motion for reconsideration of the court's screening order and a motion for leave to amend his complaint. Plaintiff has also submitted a proposed second amended complaint. As explained in further detail below, I will deny the motion for reconsideration as duplicative of the motion to amend the complaint. I will grant the motion to amend the complaint to include a due process claim against previously-dismissed defendant Shannon Fargen and a claim under the Wisconsin deceptive trade practices statute against defendants Carrie Sutter and Tim Haines. I will provide a schedule for the parties to present supplemental summary judgment briefing, and will reset the remaining trial-related deadlines.

At the heart of plaintiff's claims are several commissary purchases on which he believes he was overcharged sales tax. According to inmate grievance records submitted by

plaintiff, reimbursement was ordered for a one-cent overcharge on Purchase Order No. 96323 (an order made April 11, 2013) and for a five-cent overcharge on Purchase Order No. 07212 (an order made April 23, 2013). Both plaintiff's existing due process claims and the claims addressed in his new filings concern the way commissary prices were posted and calculated, as well as prison officials' responses to him after he pointed out he was being overcharged.

Plaintiff's motion for reconsideration of the court's screening order and his amended complaint contain intertwined issues, so I will address them together. In his motion for reconsideration of the screening order, he argues that defendant Shannon Fargen, who worked in the prison business office, should not have been dismissed from the case. In the version of the complaint what was screened (the first amended complaint), plaintiff alleged that Fargen responded to his "interview request" about being overcharged on Purchase Order No. 96323 by telling him that the order was double-checked and the amount charged was correct. Dkt. 8, at 8-9. I denied plaintiff leave to proceed on a due process claim against Fargen because plaintiff alleged only that Fargen "missed the errors" in this calculation, which failed to show that she was involved in the systematic overcharging of prisoners. I do not understand plaintiff to be arguing that my assessment of this particular allegation was incorrect.

Rather, plaintiff now argues in his motion for reconsideration that Fargen's refusal to "reexamine [his] purchases, and grant the refunds, on any inaccurate purchases as ordered, by the office . . . of the secretary" shows her personal involvement in the systematic overcharging. Dkt. 26, at 2-3. Plaintiff's second amended complaint further fleshes out this argument. Plaintiff states:

> [Fargen's] refusal to abide, by the office of the secretary's order, per-ICE-2013-
> 8601, to reexamine, what the plaintiff was charged for his purchases and

correct any amount that is inaccurate, after being made aware that (WSPF) is having errors, in its canteen billing regarding tax, made Defendant Fargen personally involved . . . .

Dkt. 33, at 15-16. Between the motion for reconsideration and plaintiff's second amended complaint, it becomes clear that plaintiff is talking about Fargen's actions after plaintiff's grievance about Purchase Order No. 07212 was resolved in July 2013, rather than how Fargen "double checked" Purchase Order No. 96323 in April 2013. The Office of the Secretary order regarding Purchase Order No. 07212 adopted the corrections complaint examiner's recommendation to affirm plaintiff's grievance about the five-cent overcharge "with the remedy being that the institution reexamine what the inmate as charged for his purchases, and that it correct any amount that is inaccurate, and inform the inmate of any correction that is made to his account." Dkt. 1-1, at 23-24. I understand plaintiff to be saying that he should be allowed to proceed on a due process claim against Fargen for refusing to follow this order when plaintiff later asked for reimbursement for several purchases, including both purchase order Nos. 07212 and 96323. Plaintiff attaches an "interview/information request" from July 2013 in which he asks to be reimbursed $0.25 for seven different orders, to which Fargen responded by stating only that plaintiff was reimbursed five cents for Purchase Order No. 07212. Dkt. 28-3. This seems to show that Fargen chose not to address the other purchase orders.

Plaintiff asks to proceed on this claim against Fargen in both his motion for reconsideration and his second amended complaint. The overlap in plaintiff's requests, coupled with the much clearer presentation of this claim in his second amended complaint, leads me to conclude that plaintiff's motion for reconsideration of the screening order can be

3

denied as duplicative.[1] Rather, I will consider only whether the second amended complaint's revised allegations support a due process claim against Fargen. I conclude that plaintiff may proceed on a due process claim against Fargen. Although the Office of the Secretary order cited by plaintiff is at beast ambiguous about Fargen's responsibility to correct *all* of the errors in plaintiff's purchase orders, I will allow him to proceed on this claim, just as I have already let him proceed on claims against other prison officials who failed to correct the transactions after they were informed of the errors.

The other claim plaintiff now wishes to raise is against defendants Sutter and Haines for violating the Wisconsin deceptive trade practices statute, Wis. Stat. § 100.18. Under this statute, plaintiff must demonstrate three elements: (1) defendants made a representation to the public with the intent to induce an obligation; (2) the representation was untrue, deceptive, or misleading; and (3) the representation caused plaintiffs a pecuniary loss. *Haley v. Kolbe & Kolbe Millwork Co.*, No. 14-cv-99-bbc, 2015 WL 3774496, at *18 (W.D. Wis. June 16, 2015) (citing *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶ 19, 301 Wis. 2d 109, 732 N.W.2d 792). This appears to be a novel application of the deceptive trade practices statute, but I do not see a reason to deny plaintiff leave to proceed on claims against defendants Sutter and Haines, whom plaintiff alleges provided inmates with canteen menus showing lower prices than the actual prices charged. At the screening stage, plaintiff appears to have met all of the elements. I am aware from defendants' summary judgment materials

---

[1] There would be reason to independently consider plaintiff's motion for reconsideration if I decided not to accept plaintiff's second amended complaint. However, I will accept the second amended complaint under the relatively low bar for doing so under Federal Rule of Civil Procedure 15(a)(2) ("The court should freely give leave when justice so requires.").

that they believe that they should not be held responsible for menus produced by an outside

vendor, but that is a factual issue to be resolved at either summary judgment or trial.[2]

Because the parties have recently completed briefing their cross-motions for summary

judgment, I will give them an opportunity to file supplemental proposed findings of fact and

briefing on plaintiff's new claims discussed above. There is no need for the parties to file

cross-submissions corresponding to each side's separate summary judgment motion. Rather, I

will simplify the schedule as follows:

- July 27, 2015: Defendants' supplemental brief and proposed findings of fact

- August 17: Plaintiff's response brief, response to defendants' proposed findings of fact, and his own proposed findings

- August 31: Defendants' reply brief, reply to their proposed findings of fact, and response to plaintiff's proposed findings

- September 14: Plaintiff's sur-reply brief and reply to his own proposed findings of fact

Trial is currently set for October 26, 2015, but I will move that date to accommodate the

new briefing schedule. The schedule is amended as follows:

- Rule 26(a)(3) Disclosures and all motions in limine: November 6, 2015
Objections: November 20, 2015

---

[2] To potentially head off later disputes, I also note from the parties' summary judgment materials that plaintiff believes that defendants violated the Lanham Act by making false representations in advertising. *See* 15 U.S.C. § 1125(a)(1)(B). However, such a claim is not part of this case. Plaintiff was not allowed to proceed on such a claim in the original screening order, nor did he raise that issue in his motion for reconsideration or his second amended complaint. If he had, I would have denied him leave to proceed on that claim because a *consumer* such as plaintiff, as opposed to a *competitor* of the entity making the misrepresentations, cannot bring this type of claim. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) ("A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question.").

- Final Pretrial Conference: November 30, 2015 at 8:30 a.m.

- Trial: November 30, 2015 at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. The motion for leave to amend the complaint filed by plaintiff Larry D. Harris, Jr., Dkt. 32, is GRANTED. Plaintiff's second amended complaint, Dkt. 33, is the operative pleading in the case. In addition to the claims outlined in the court's previous screening order, plaintiff is now allowed to proceed on the following claims:

    a. A due process claim against defendant Shannon Fargen for disregarding an order to review plaintiff's commissary transactions.

    b. A claim under Wis. Stat. § 100.18 against defendants Carrie Sutter and Tim Haines for providing plaintiff with commissary menus with incorrect prices.

2. Defendant Fargen is added to the case caption.

3. Plaintiff's motion for reconsideration of the court's previous screening order, Dkt. 26, is DENIED.

4. The schedule is amended as detailed in the opinion above.

Entered July 6, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge